UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MARTIN #165780,

    Plaintiff,

v.                                                                                                  Case No. 2:04-cv-218
                                                       HON. GORDON J. QUIST

DALE NINKO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Eric Martin #165780, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Dale Ninko, Corrections Officer Roger Curtis, Sergeant Donald Beauchamp, Captain Unknown Swabb, Resident Unit Manager William Jondreau, Assistant Deputy Warden W. Luetzow, Deputy Warden Darlene Edlund, MDOC Director Bill Martin, Warden George Pennell, United States President George W. Bush, Inspector Unknown Ezrow, MDOC Director Patricia Caruso, and Administrative Assistant Janice Ansell.

        Plaintiff's complaint, which was initially filed on September 20, 2004, alleges that on August 24, 2001, Defendant Ninko threatened to beat Plaintiff's ass when Plaintiff next came out of his cell. Plaintiff filed a grievance concerning the threat, thereby making Defendants Jondreau and Luetzow aware of the threat. In addition, Plaintiff notified Defendant Beauchamp of Defendant Ninko's threat. On September 6, 2001, while Plaintiff was in the shower, Defendants Ninko and Curtis punched and kicked Plaintiff numerous times while Defendant Beauchamp observed. During

the attack, Defendant Ninko stated that he would "teach [Plaintiff] not to file grievances." Plaintiff subsequently reported the incident to Defendant Swabb and showed him his bleeding nose and the cut on his forehead. Plaintiff also sent a letter of complaint to Defendant Edlund, who failed to take any corrective measures addressing the problem.

Plaintiff alleges that on September 10, 2001, Defendant Ninko told Plaintiff that he would kick Plaintiff's ass each time he came out of his cell. On September 11, 2001, Defendant Ninko threatened to poison Plaintiff's food. On September 21, 2001, and on October 3, 2001, Plaintiff sent letters to Defendant Martin complaining about the September 6, 2001, attack and assorted threats, but no corrective action was taken. Plaintiff claims that Defendant Luetzow allowed the attack to happen because of his failure to regularly patrol the unit. On October 23, 2001, Defendant Curtis told Plaintiff that he planned to "fuck [Plaintiff] up" at the next opportunity. On October 31, 2001, Defendant Ninko again threatened to beat Plaintiff's "ass," prompting Plaintiff to seek assistance from Defendant Martin on November 10, 2001.

On November 18, 2001, Defendant Ninko forcefully twisted Plaintiff's handcuffs, causing extreme pain and leaving a permanent scar around Plaintiff's wrists, as well as permanent tendon and ligament damage. In addition, Plaintiff claims that Defendant Ninko applied pressure to Plaintiff's temples with his fingertips, in an attempt to kill Plaintiff. Plaintiff's head was then slammed against the metal door frame. Defendant Peterson observed the entire incident. Plaintiff states that his fear of Defendants Ninko and Curtis kept him from being able to go to meals on second shift. On December 10, 2001, Plaintiff subsequently sent letters of complaint to various supervisory Defendants, seeking assistance with his continuing problems with Defendants Ninko and Curtis, to no avail.

Plaintiff claims that Defendant Caruso is somehow responsible for "blind spots" in the hallway, where prisoners can be assaulted without the incident being able to be viewed by a camera. Plaintiff contends that Defendants' conduct violated his rights under the First, Eighth and Fourteenth Amendments. For relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief.

Plaintiff's complaint was dismissed pursuant to the "total exhaustion rule" for failure to exhaust his administrative remedies regarding the majority of his claims on November 1, 2004. On July 26, 2007, Plaintiff filed a motion for reconsideration of the dismissal pursuant to the United States Supreme Court decision in *Jones v. Bock*, 127 S. Ct. 910 (2007). This motion was granted on October 15, 2007.

Presently before the Court is the Defendants' Motions to Dismiss (docket #24, #30, #47, #58, and #62). Plaintiff has filed responses (docket #36, #65 and #67), as well as a motion for relief from judgment (docket #69), and the matter is ready for decision. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

In their motions to dismiss (docket #24, #30, #47, #58 and #62), Defendants Ninko, Curtis, Beauchamp, Swabb, Jondreau, Luetzow, Edlund, Martin, Pennell, Ezrow, Caruso, Ansell and Bush assert that Plaintiff's claims are barred by the applicable statute of limitations. Defendants note that Plaintiff filed his complaint on September 20, 2004, asserting an alleged constitutional violation which occurred on November 11, 2001. Defendants state that the complaint was filed just 58 days before the three year statute of limitations expired on Plaintiff's claims. Defendants contend that the statute of limitations was not tolled between the date that Plaintiff's complaint was dismissed for lack of exhaustion, November 1, 2004, and the date it was reinstated, October 15, 2007, so that the statute of limitations had run on his claims by the time the complaint was reinstated. Defendants rely on *Carlton v. Smith*, 2007 WL 3102076, No. 1:07-cv-398 (W.D. Mich. Oct. 22, 2007), to support their assertion.

In *Carlton*, the plaintiff timely filed a civil rights action asserting his claims, which was dismissed without prejudice pursuant to the total exhaustion rule on April 25, 2005. *See Carlton*

*v. Smith*, No. 1:04-cv-708 (W.D. Mich. Apr. 25, 2005). Following the Supreme Court's decision in *Jones v. Bock*, Plaintiff filed a new civil rights action asserting the same claims as those raised in the previously dismissed Case No. 1:04-cv-708. In finding that the second action was barred by the statute of limitations, the court stated:

> After Plaintiff's complaint was dismissed without prejudice because it included both exhausted and unexhausted claims, Plaintiff did not appeal the decision, he did not re-file the complaint with only the exhausted claims, and he does not indicate that he attempted to exhaust the unexhausted claims. Plaintiff has not shown diligence in pursuing his rights. Neither has he shown that any other factors weigh in favor of tolling.

*Carlton v. Smith*, 2007 WL 3102076, slip op. 2.

However, the situation in this case is distinct from that in *Carlton* because Plaintiff here did not file a new action. Rather, Plaintiff filed a motion for reconsideration, which was granted by this court. Unlike *Carlton*, this case involves one action, which was closed and has now been reopened. Therefore, the date of filing in this case is unchanged, September 20, 2004. As noted by Defendants, this date is within the three year statute of limitations. Therefore, Defendants Ninko, Curtis, Beauchamp, Swabb, Jondreau, Luetzow, Edlund, Martin, Pennell, Ezrow, Caruso, Ansell and Bush are not entitled to dismissal from this action on the grounds that Plaintiff's claims are barred by the statute of limitations.

In addition, Defendant Bush asserts that he is entitled to summary judgment because he is entitled to absolute immunity. In his brief in support of his motion for summary judgment, Defendant Bush relies on *Nixon v. Fitzgerald*, 457 U.S. 731 (1982) and asserts that absolute immunity is a functionally mandated incident of the President's unique office, and is rooted in the

constitutional tradition of the separation of powers and supported by our history. *Nixon*, 457 U.S. at 751 (1982). In *Nixon*, the Supreme Court stated:

> Because of the singular importance of the President's duties, diversion of his energies by concern with private lawsuits would raise unique risks to the effective functioning of government. As is the case with prosecutors and judges for whom absolute immunity now is established-a President must concern himself with matters likely to "arouse the most intense feelings." *Pierson v. Ray*, 386 U.S., at 554, 87 S.Ct., at 1218. Yet, as our decisions have recognized, it is in precisely such cases that there exists the greatest public interest in providing an official "the maximum ability to deal fearlessly and impartially with" the duties of his office. *Ferri v. Ackerman*, 444 U.S. 193, 203, 100 S.Ct. 402, 408, 62 L.Ed.2d 355 (1979).

*Id.* at 751-752. Therefore, the undersigned concludes that Defendant Bush is entitled to absolute immunity.[1]

In summary, it is recommended that the Court find that Plaintiff's claims are not barred by the statute of limitations so that the motions to dismiss filed by Defendants Ninko, Curtis, Beauchamp, Swabb, Jondreau, Luetzow, Edlund, Martin, Pennell, Ezrow, Caruso and Ansell (docket #24, #30, #58 and #62) are properly denied. However, in the opinion of the undersigned, Defendant Bush is entitled to absolute immunity and recommends that his motion to dismiss (docket #47) be granted.

Finally, the undersigned notes that Plaintiff has filed a motion for reconsideration of the October 21, 2004, denial of his request to be transferred, which was denied as a result of the

---

[1] Moreover, Defendant Bush does not appear to have been personally involved in the alleged misconduct in this case. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

dismissal of Plaintiff's action for failure to exhaust administrative remedies. In Plaintiff's motion for a preliminary injunction (docket #5), Plaintiff sought the immediate closure of the segregation buildings at the Baraga Maximum Correctional Facility and transfer to another prison. In his affidavit and memorandum in support of the motion (docket #6 and #7), Plaintiff claims that he had been assaulted by Defendants Ninko and Curtis and feared another assault. In his motion for reconsideration, Plaintiff claims that Defendant Curtis threatened to "beat [Plaintiff's] ass" on November 27, 2007, and June 22, 2008.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under

the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff claims that he has received threats of assault beginning in 2004 after the incident asserted in his complaint.  However, it does not appear that Plaintiff has been assaulted by any of the named Defendants since that time.  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.  Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for reconsideration of the denial of a preliminary injunction (docket #69) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 30, 2008