UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ERIC MARTIN #165780,

        Plaintiff,

v.                                               Case No. 2:04-CV-218

DALE NINKO, et al.,                     HON. GORDON J. QUIST

        Defendants.
_____/

**MEMORANDUM OPINION ADOPTING AND REJECTING IN PART
REPORT AND RECOMMENDATION**

The Court has before it Defendants' Objections and Plaintiff's Objections to the report and recommendation dated July 30, 2008, in which Magistrate Judge Greeley recommended that the Court: (1) deny the motions to dismiss filed by Defendants Ninko, Curtis, Beauchamp, Swabb, Jondreau, Luetzow, Edlund, Martin, Pennell, Ezrow, Caruso, Ansell, and Bush, in which they argued that Plaintiff's claims are barred by the applicable statute of limitations; (2) grant Defendant Bush's motion to dismiss on the ground of absolute immunity; and (3) deny Plaintiff's motion for reconsideration of his request for a preliminary injunction.

The Court has conducted a *de novo* review of the report and recommendation and concludes, for the reasons set forth below, that Plaintiff's complaint should be dismissed for the reason that Plaintiff was not entitled to relief under Rule 60(b) when he filed his motion for relief from judgment on July 27, 2007. Accordingly, the Court will adopt the report and recommendation only with regard to the recommendation concerning Plaintiff's motion and reject it with regard to Defendants'

motions to dismiss. The Court will also vacate its October 15, 2007, Order granting Plaintiff's motion for relief from judgment and dismiss Defendants' motions as moot.

Plaintiff filed his complaint in this case on September 20, 2004. On November 1, 2004, the Court entered an Opinion and Order dismissing the complaint pursuant to the Sixth Circuit's then-existing total exhaustion rule. Plaintiff did not appeal the dismissal or take further action at that time.

On January 22, 2007, the United States Supreme Court issued its decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), which overruled the Sixth Circuit's total exhaustion rule and its requirement that prisoners specifically plead exhaustion in their complaints. On July 26, 2007, Plaintiff filed a motion for relief from judgment on the grounds that *Jones* overruled the total exhaustion rule. Defendants did not receive a copy of the motion. On October 15, 2007, the Court granted Plaintiff's motion and ordered that Defendants be served.

Rather than answering Plaintiff's complaint, Defendants filed motions to dismiss on the grounds that Plaintiff's complaint was barred by the applicable three-year limitations. In his report and recommendation, the magistrate judge distinguished *Carlton v. Smith*, No. 1:07-CV-398, 2007 WL 3102076 (W.D. Mich. Oct. 22, 2007), upon which Defendants relied, concluding that Plaintiff's claims are not time-barred because this case involves a single action that was re-opened rather than two separate actions, as in *Carlton*.

Although Defendants take issue in their objection with the magistrate judge's conclusion regarding the limitations issue, they also raise another issue, namely, whether Plaintiff's motion for relief from judgment should have been granted in the first instance. They assert that Plaintiff's motion was both untimely and not supported by any of the grounds set forth in Rule 60(b). It is this

latter argument upon which the Court focuses and which persuades the Court that dismissal is appropriate. Even though Defendants did not specifically raise this issue in their motions, the Court may nonetheless reconsider its prior Order granting Plaintiff's motion for relief under Rule 60(b). *In re Saffady*, 524 F.3d 799, 802-03 (6th Cir. 2008) (stating that district courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of the final judgment).

Rule 60(b) provides various grounds for relief from a final judgment or order as follows:

> **(b)** **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Motions under Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c). If the motion is based upon grounds (1) - (3), a reasonable time is "no more than a year after the entry of the judgment or order of the date of the proceeding." *Id.*

Plaintiff moved for relief from judgment based upon grounds (4) and (5).[1] Neither ground provides Plaintiff a basis for relief. Under Rule 60(b)(4), a judgment is considered void if the court that rendered it lacked jurisdiction over the subject matter or if the court acted in a manner that was inconsistent with due process. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

---

[1] Had Plaintiff moved for relief upon grounds (1) -(3), his motion would have been untimely because it was filed more than three years after the Court entered the order dismissing the complaint.

A judgment based upon Sixth Circuit precedent that is subsequently overruled is not "void" for purposes of Rule 60(b)(4). *See Chambers v. Straub*, No. 04-CV-71605-DT, 2008 WL 2782891, at *2 (E. D. Mich. July 17, 2008) (citing *Allstate Ins. Co. v. Mich. Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 668 (W.D. Mich. 1991)). Similarly, Rule 60(b)(5) does not allow relief from a judgment merely because the law upon which it was based has been reversed or changed. *Id.; see also Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) (discussing the application of Rule 60(b)(5) to consent decrees).

Plaintiff's only potential ground, then, is the catch-all provision under Rule 60(b)(6). "Rule 60(b)(6) is interpreted narrowly, permitting relief only in 'extraordinary circumstances.'" *Mitchell v. Rees*, 261 F. App'x 825, 829-30 (6th Cir. 2008) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). A court may resort to Rule 60(b)(6) to grant relief "only in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 534 (6th Cir. 2001) (italics in original).

The Sixth Circuit has held that intervening changes in the law rarely constitute extraordinary circumstances for relief under Rule 60(b)(6). *Gencorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (quoting *Agostini v. Felton*, 521 U.S. 203, 239, 117 S. Ct. 1997, 2018 (1997)). "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." *Blue Diamond Coal Co.*, 249 F.3d at 524. In the context of the *Jones* decision, courts in this district and in the Eastern District of Michigan have uniformly held that the Supreme Court's decision in *Jones* is not an extraordinary circumstance that would justify relief under Rule 60(b)(6). *See Smith v. Pennell*, No. 2:01-CV-119, 2007 WL 1814664, at *2 (W.D. Mich. June 21, 2007) (rejecting the plaintiff's motion under Rule 60(b)

4

because apart from the change in the law announced by *Jones*, plaintiff failed to show that "exceptional circumstances" warranted relief); *Chambers v. Straub*, No. 04-CV-71605-DT, 2008 WL 2782891, at *2 (E.D. Mich. July 17, 2008) ("Every judge in this district that has considered the issue has ruled that the Supreme Court's intervening decision in *Jones v. Bock* is not an extraordinary circumstance that would justify Rule 60(b)(6) relief."); *Copenhaver v. Mich. Dep't of Corrs.*, No. 05-CV-73286, 2008 WL 724340, at *2 (E.D. Mich. Mar. 18, 2008) ("While there is no question that *Jones v. Bock* changed the law in the Sixth Circuit regarding exhaustion, post-*Jones* cases in this Court, as well as in the Western District of Michigan, have been consistent in rejecting Rule 60(b) motions."). In fact, recently, this Court said that the *Jones* decision is not an "extraordinary circumstance" warranting relief under Rule 60(b)(6). *Wilson v. Klein*, No. 1:02-CV-936, 2008 WL 2579135, at *2 (W.D. Mich. June 27, 2008).

In the instant case, the only circumstance that Plaintiff offered for relief from the November 1, 2004, Order dismissing his case was the change in law occasioned by *Jones*. Plaintiff did not appeal this Court's dismissal, and the order had become final long before the Supreme Court decided *Jones*. Thus, the Court will dismiss the case because Plaintiff has not shown "extraordinary circumstances" for relief under Rule 60(b).

An Order consistent with this Opinion will be entered.


Dated: September 19, 2008                        /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE